UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAOMI CLAIRE JUDD TAVARES,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants | Case No.: 1:26-cv-001484<br><br>Hon. Judge Jorge L. Alonso |

## MOTION TO DISMISS FOR MISJOINDER

Defendants, MAGICAL PAINTINGS, HOLIDAY DECORATION POSTERS, CANVAS CLASSIC ART, and WALL PAINTING ART ("Group A Defendants" or "Defendants"), by and through the counsel undersigned, hereby request that this Court dismiss the instant case for misjoinder, or at minimum sever the defendants, and state the following.

I.    **FACTS AND PROCEDURAL BACKGROUND**

On January 15, 2026, Plaintiff NAOMI CLAIRE JUDD TAVARES ("Plaintiff") initiated this action against numerous online sellers alleged to have infringed one of their copyrighted illustrations. Instead of proceeding against each seller individually, Plaintiff grouped various unaffiliated businesses and individuals, operating under distinct storefronts and often based in foreign jurisdictions, into a single lawsuit. The complaint does not allege that these defendants acted in concert or had coordinated dealings. The complaint does not allege that these defendants acted in concert or had coordinated dealings. Rather, the only asserted commonality is that each independently offered products featuring similar imagery.

That same day, Plaintiff filed supporting documents under seal, including multiple declarations, followed by a motion for an ex parte temporary restraining order. On January 27, 2026, the Court granted Plaintiff's request for leave to file materials and issued a sealed order, the temporary restraining order, and for a preliminary injunction. Plaintiff filed another motion for preliminary injunction on February 9, 2026, which was granted on February 12, 2026.

On February 24, 2026, undersigned counsel appeared on behalf of Defendants.

I. **LEGAL STANDARD FOR MISJOINDER**

Under Rule 20(a)(2), defendants may be joined in a single action if two requirements are satisfied: (1) the claims against them are "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B). When considering whether the "transaction or occurrence" requirement is met, the district court in *Estée Lauder* summarized:

> To determine whether the rights asserted arise out of the same transaction or occurrence, courts should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds. Courts generally find that claims against different defendants arose out of the same transaction or occurrence only if there is a logical relationship between the separate causes of action. Claims have a logical relationship when there is a substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, to be part of the same transaction requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. *Estée Lauder*, 334 F.R.D. 182, 185 (N.D. Ill 2020) (internal citations and quotations omitted).

The party advocating for joinder bears the initial burden of showing that joinder is proper under Rule 20(a)(2). *See In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018). In

assessing a plaintiff's arguments in support of joinder, the Court will accept the factual allegations in a plaintiff's complaint as true but will not credit mere speculation or conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008). The plaintiff at this stage does "not need to allege facts that definitively establish a link among the defendants; they need only allege facts that plausibly establish such a connection." *Bug Art v. Schedule A Defs.*, No. 24-cv-07777, Doc. 28 at 5 (N.D. Ill. Oct. 8, 2024).

The "requirements for joinder are liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive outcome of the action." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (internal citations and quotations omitted). But this Court has stressed "[w]hile the requirements of Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Washington v. Folino*, 2013 U.S. Dist. LEXIS 39627, at *10.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21(a). The court therefore "may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met." *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022). "This discretion permits a district court to 'consider other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Bailie v. Sch. A Defs.*, 734 F. Supp. 3d 798, 802 (N.D. Ill. 2024) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001)). This includes consideration of whether joinder "will result in prejudice, expense, or delay." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1652 (3d ed.).

II. <u>**ANALYSIS**</u>

This court shall dismiss this case for misjoinder because Defendants are different and not affiliated to each other, which forms grounds of misjoinder; similarities of products, marketing, advertising, storefronts, Etc. does not warrant joinder; and Joinder will result in prejudice, expense, or delay.

A. <u>**Defendants Are Different and Not Affiliated to Each Other, which Forms Ground of Misjoinder.**</u>

Rule 20(a)(2) permits joinder of defendants only if the claims arise out of the same "transaction, occurrence, or series of transactions or occurrences" and there exists at least one common question of law or fact. Courts applying this standard look for a substantial evidentiary overlap and a logical relationship among the defendants' alleged conduct. *See Estée Lauder*, 334 F.R.D. at 185. Where each defendant's activities are independent and factually distinct, the requirement of a shared "transaction or occurrence" is not satisfied, and joinder is improper.

Here, the current record reflects that the Defendants identified on Schedule A are not affiliated with one another and do not engage in concerted operations. As reflected by the identifying information associated with the accused storefronts, the Schedule A defendants appear to operate through different legal entities and/or individual owners, with distinct business registrations and contact information, and they maintain separate Temu.com storefronts under unique seller identifiers. See ECF No. 27 (Disclosure Statement) (Exhibit B). Nothing in the Complaint or Plaintiff's exhibits alleges, let alone plausibly supports, shared ownership, common management, coordinated decision-making, or any other basis to infer that

these defendants function as a single enterprise or acted in concert.

Instead, Plaintiff's theory is that each defendant independently offered products that allegedly infringe the same intellectual property. That is not enough for permissive joinder. Where, as here, defendants are not alleged to be affiliated and each accused storefront reflects separate ownership and operations, there is no meaningful evidentiary overlap in proving liability as to each seller. Liability turns on seller-specific facts (what each defendant sold, when it was sold, how it was marketed, what notices were received, and what proceeds were earned). The reality is precisely what the court recognized in *Omega v. Individuals, Business Entities, & Unincorporated Associations Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023): when defendants are not affiliated, "there is no evidentiary overlap in proving liability for the alleged infringement." Each defendant's alleged sale of a product on its own storefront involves distinct transactions, suppliers, customers, and corporate records. Proving or disproving infringement will require individualized evidence unique to each defendant, including separate account records, product listings, invoices, and communications. There is thus no "substantial evidentiary overlap" among claims, and therefore no logical relationship sufficient to satisfy Rule 20(a)(2).

Plaintiff's allegation that "the Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale" (Compl., ECF No. 1, ¶7) is nothing more than conclusory, template-style pleading frequently deployed in Schedule A cases. Merely asserting that different defendants' products look similar, or that their online storefronts contain overlapping design elements, does not establish a "logical relationship" under Rule 20(a)(2). As the Seventh Circuit and this District have made clear, the Court must look for shared, overlapping facts giving rise to each cause of action, not simply

coincidentally similar allegations. Plaintiff has offered no evidence that the defendants acted together, coordinated with one another, or were managed or controlled by a single entity. To the contrary, sworn declarations make plain that each defendant operates independently, does not know the others, and manages its own separate storefront. Plaintiff's boilerplate language cannot substitute for actual factual allegations linking these defendants, and therefore fails to satisfy the requirements for joinder.

    **B.** **Similarities of Products, Marketing, Advertising, Storefronts, Etc. Does Not Warrant Joinder.**

To the extent that the products bear some similarity in appearance, that in and of itself is not evidence of coordinated activities by the defendants. *See Estee Lauder*, 334 F.R.D. at 188 ("Considering that the Defendants are copying the Estée Lauder products, it is not a surprise that the counterfeited end-results, along with their images and descriptions, would be similar."). Even if the webpages were identical, it would not necessarily suggest the defendants are connected. To the contrary, it would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices. *See Patent Holder Identified in Exhibit 1 v. Does* 1-254, No. 21 C 514, 2021 WL 410661, at *2 (N.D. Ill. Feb. 6, 2021); cf. *Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.").

Assuming arguendo that Defendants' products, marketing descriptions, or storefront appearances are the same or nearly identical, that resemblance alone does not establish that their activities arise from a common transaction or occurrence as required under Rule 20(a)(2). As the court observed in *Estée Lauder*, 334 F.R.D. at 188, when various independent sellers copy the same copyrighted or trademarked subject matter, "it is not a surprise that the

counterfeited end-results, along with their images and descriptions, would be similar." The similarity in outward appearance reflects the use of a common referent (Plaintiff's asserted design), not any cooperation or factual connection among the sellers themselves.

Even under Plaintiff's own theory, accepting that the accused storefronts display substantially the same products and descriptions, the requirements of Rule 20(a)(2) are not satisfied.

### A. Joinder will result in prejudice, expense, or delay.

Even if Plaintiff could arguably satisfy the Rule 20(a)(2) threshold, which it cannot, the Court should still exercise its discretion under Rule 21 to drop or sever defendants. See *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) (court may deny joinder even where the technical requirements are met). In determining whether permissive joinder comports with fundamental fairness, courts consider whether joinder will cause prejudice, undue expense, or delay. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001).

Here, joinder of numerous unrelated foreign defendants would cause substantial prejudice. Each defendant operates independently and faces unique factual questions: which products were offered, what sales, if any, were made, and whether such sales infringe Plaintiff's copyright. Litigating those distinct questions in a single proceeding risks conflating parties, confusing the record, and potentially tainting one defendant with unrelated allegations against others. This collective proceeding prejudices individual defendants' ability to defend themselves on the merits and deprives them of clear notice of the specific conduct at issue.

Joinder also dramatically increases expense and delay. Instead of manageable, discrete cases, the Court and the parties are forced to wade through a fractured dispute involving dozens of defendants scattered across multiple provinces of China and Hong Kong. Coordinating discovery, service of process, and motion practice across these unrelated

defendants in a single action invites inefficiency and delay, not judicial economy. Indeed, this Court has already seen Plaintiff voluntarily dismiss several parties, underscoring the fluid and often speculative nature of the mass-joinder approach.

Fundamentally, forcing unrelated defendants into one omnibus action turns litigation into a leveraging tactic rather than a fair adjudication of claims. Severance will ensure that each case proceeds on its own facts, allowing for a just, speedy, and inexpensive resolution. Because joinder here serves only to increase prejudice, cost, and delay, the Court should sever or dismiss misjoined defendants

I. **THIS COURT SHALL DISMISS THE PLAINTIFF'S SAD SCHEME OF ABUSIVE INTELLECTUAL PROPERTY LITIGATION**

This Plaintiff's case is a classic example of the "Schedule A Defendants Scheme" ("SAD Scheme"), an abusive mass-defendant litigation model increasingly criticized by courts and scholars. The Columbia Law Review has documented how this scheme exploits gaps in procedure, sealed defendant lists, ex parte TROs, and omnibus complaints, to freeze assets and pressure quick settlements, often without proper service or jurisdiction.[1] Such tactics depart from ordinary due process and have harmed thousands of small merchants whose accounts were frozen without notice.

Courts in this District have begun to resist these tactics. In *Toyota Motor Sales*, Judge Daniel rejected boilerplate joinder theories, holding that defendants accused of parallel infringements have "no shared purpose" and cannot be forced into one case under Rule 20. *Toyota Motor Sales, U.S.A., Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24-cv-09401 (N.D. Ill. Nov. 18, 2024). Likewise, Judge Kness has stayed all pending TROs in Schedule A cases to reassess whether the routine practices, sealed filings, prejudgment

---

[1] *See* Eric Goldman, *A SAD Scheme of Abusive Intellectual Property Litigation*, 123 COLUM. L. REV. F. 183, 184–85, 187, 197 (2023).

freezes, and mass joinder, comply with fairness or the Federal Rules. These rulings confirm that SAD Scheme litigation is neither procedurally sound nor compatible with fundamental fairness.

The real-world consequences of the SAD Scheme are severe. Media reports recount innocent sellers blindsided by six-figure default judgments despite minimal alleged sales.[2] Scholars and amicus briefs at the Federal Circuit likewise describe how vague, defendant-unspecific pleadings and sweeping freezes coerce settlements and undermine the legitimacy of the courts. These systemic harms outweigh any convenience to rights owners who wish to litigate cheaply by suing hundreds of unrelated defendants at once.

Here, Plaintiff followed the same playbook: naming numerous unrelated merchants under seal, asserting conclusory coordination theories, and seeking *ex parte* restraints that paralyze entire storefronts. Such tactics lack evidentiary basis, fail Rule 20's joinder standard, and impose undue prejudice. Because Plaintiff's claims arise from an abusive litigation model that contravenes the Federal Rules and due process safeguards.

## II.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court to dismiss the action in its entirety, or at minimum sever the defendants under Rule 21.

Date: February 24, 2026

>                         Respectfully submitted,
>
>                         /s/ *Jiyuan Zhang*
>                         **Jiyuan Zhang, Esq. (5707401)**
>                         **J. Zhang and Associates, P. C.**
>                         3712 Prince Street, Ste 9C,

---

[2] *See, e.g.* Josh Taylor, *Sydney Woman Who Sold a Cartoon Cat T-Shirt Told to Pay US$100,000 in Grumpy Cat Copyright Case*, **Guardian** (Apr. 25, 2025, 11:00 AM EDT) [https://www.theguardian.com/australia-news/2025/apr/26/sydney-woman-who-sold-a-cartoon-cat-t-shirt-told-to-pay-us100000-in-grumpy-cat-copyright-case].

Flushing, NY 11354
contact@jzhanglaws.com
Telephone:718-701-5098

**Attorney for Defendants,**
*Magical paintings, Holiday decoration posters, Canvas Classic Art, Wall Painting Art*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certify that a true and correct copy of the above and foregoing document was electronically filed on February 24, 2026 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

/s/ *Jiyuan Zhang*
Jiyuan Zhang
