**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NAOMI CLAIRE JUDD TAVARES,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-00484

Judge Jorge L. Alonso

Magistrate Judge Jeannice W. Appenteng

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff NAOMI CLAIRE JUDD TAVARES ("Plaintiff") against the following Defendants ("Defendants") (collectively, the "Parties") identified on Schedule A to the Complaint, Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint:

| No. | Defendant Name | Account ID |
|---|---|---|
| 42 | Wall Painting Art | 634418219706132 |
| 46 | Canvas Classic Art | 634418219679848 |
| 86 | Holiday decoration posters | 634418219043963 |
| 87 | FF Art Canvas Poster | 634418221332287 |
| 91 | Magical paintings | 634418219271885 |

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offering goods for sale and shipping to the United States, including Illinois, accepting payment in U.S. dollars, and using unauthorized copies of the Amy Judd Works listed

in Exhibit 1 to the Complaint in connection with those sales.

THIS COURT FURTHER FINDS that Defendants are liable for copyright infringement (17 U.S.C. §§ 106 and 501, *et seq*.).

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be permanently enjoined and restrained from

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Amy Judd Works in any manner without the express authorization of Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Amy Judd product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Amy Judd Works;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Amy Judd Works are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Amy Judd Works and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Amy Judd Works.

2. Pursuant to the Parties' settlement agreement, Defendants shall pay Plaintiff three thousand

seven hundred fifty dollars ($3,750) in damages (the “Damage Amount”).

3. Temu LLC (“Temu”) is ordered to transfer the Damage Amount from Defendants’ accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and shall be entitled to reasonable attorneys’ fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant’s failure to comply, in any way, with its obligations set forth herein.

IT IS SO ORDERED.

DATED: August 24, 2026,



Jorge L. Alonso
United States District Judge